FILED

NOT FOR PUBLICATION

JUL 23 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GIOVANNI MARIA VILCHEZ
ZARATE, AKA Giovanni Vilches, AKA
Giovani Vilchez Zarate, AKA Giovanni
Vichez Zarate,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-73267

Agency No. A077-016-880

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2020[**]

Before:  GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Giovanni Maria Vilchez Zarate, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision pretermitting her application for adjustment of status.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny the petition for review.

1. The BIA did not err in affirming the IJ's determination that Vilchez Zarate is inadmissible because of willful misrepresentation. *See* 8 U.S.C. § 1182(a)(6)(C)(i).

Vilchez Zarate's June 1999 and March 2001 applications for adjustment of status misrepresented the material fact of her marriage to a U.S. citizen through her use of an inauthentic marriage certificate to support both applications. Substantial evidence supports the IJ's finding by clear and convincing evidence that she knew the marriage was not legitimate and that the marriage certificate was not authentic when she used it to seek immigration benefits. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004) (combining the substantial evidence standard of review with the burden of proof).

The BIA properly considered relevant evidence and sufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010). The BIA appropriately considered the inconsistencies the IJ noted between the information on the marriage certificate and Vilchez Zarate's testimony. Where the details on the document conflicted with the details she recalled about the alleged

2

ceremony, such as the number of witnesses and the name of the officiant, it was reasonable to infer that she knew the marriage certificate was inauthentic when she reviewed and signed it. That Vilchez Zarate nonetheless submitted the marriage certificate, swearing to its truth and accuracy, supports a finding of willful misrepresentation. *See Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995) (noting that to establish a willful misrepresentation, showing "knowledge of the falsity of a representation is sufficient").

The BIA also appropriately considered circumstances showing that the alleged marriage was not bona fide, supporting the IJ's finding that Vilchez Zarate knew her representations were false. *See Malhi v. I.N.S.*, 336 F.3d 989, 994 (9th Cir. 2003) (considering evidence "probative of the motivation for marriage" to determine whether fraud occurred). The BIA considered the IJ's findings regarding the short time in which the parties knew each other, the unusual nature of their purported ceremony, and their separate living arrangements and few interactions thereafter. *See id.*; *Nakamoto*, 363 F.3d at 882. Evidence that Vilchez Zarate sought a divorce in 2009 may suggest that she believed in the "bare fact" of her marriage, *Malhi*, 336 F.3d at 994, but does not undercut the finding that her motivation was to obtain immigration benefits. Nor does it compel the conclusion

3

that she believed the marriage certificate she used in attempt to obtain such benefits was accurate and authentic.

The BIA did not err in affirming the IJ's inadmissibility determination. Because Vilchez Zarate is inadmissible, it follows that the agency properly pretermitted her latest application for adjustment of status. 8 U.S.C. § 1255(a).

2. Vilchez Zarate's due process claim fails, where the record does not support her contentions that the IJ was biased and prejudged her case. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (holding that petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**